Return Date:   July 18, 2018
Return Time:   10:00 a.m.

Rosemarie E. Matera, Esq.
Kurtzman Matera, P.C.
Attorneys for Debtor
664 Chestnut Ridge Road
Spring Valley, New York 10977
(845) 352-8800
law@kmpclaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

In re:

461 7th Avenue Market, Inc.,                                    Chapter 11

                              Debtor                            Case No. 18-22671(RDD)

--------------------------------------------------------------x

**OPPOSITION OF THE DEBTOR TO THE MOTION OF DELSHAH
461 SEVENTH AVENUE, LLC FOR RELIEF FROM THE AUTOMATIC STAY
AND CROSS MOTION OF THE DEBTOR FOR AN ORDER PURSUANT TO
SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE AUTHORIZING THE
ASSUMPTION OF ITS LEASE FOR NONRESIDENTIAL REAL PROPERTY
AND APPROVING THE FORM AND MANNER OF NOTICE**

**TO: The Honorable Robert D. Drain
     United States Bankruptcy Judge**

461 7th Avenue Market, Inc., Chapter 11 debtor and debtor in possession herein ("Debtor")

by and through its attorneys, Kurtzman Matera, P.C., submits this Opposition ("Opposition") to the

Motion ("Motion") of Delshah 461 Seventh Avenue, LLC ("Landlord") for Relief from the Automatic

Stay and Cross Motion ("Cross Motion") of the Debtor for an order pursuant to Sections 363 and

365 of the United States Bankruptcy Code ("Bankruptcy Code") Authorizing the Assumption of its

Unexpired Lease of Nonresidential Real Property and approving the form and manner of notice

pursuant to Federal Rule of Bankruptcy Procedure 6006(c) and Local Bankruptcy Rules 6006-1 and

9006-1(b), and respectfully sets forth as follows:

-1-

**JURISDICTION**

1.      This Court has jurisdiction to entertain the Cross Motion pursuant to 28 U.S.C. Sections 157(a)-(b) and 1334(b).  Venue is proper in this District pursuant to 28 U.S.C. Sections 1408 and 1409.  Consideration of the Cross Motion is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2).  The statutory predicate for the relief requested herein is Sections 363 and 365 of the Bankruptcy Code.

**BACKGROUND**

**A.  INTRODUCTION**

2.      On May 3, 2018 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtor is continuing to operate its business and manage its property as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.      The Office of the United States Trustee ("UST") has not appointed a committee of unsecured creditors.

4.      The Debtor has appeared at the initial debtor interview and Section 341(a) meeting conducted by the UST.  It has, in conjunction with its obligation as a debtor in possession, produced to the UST proof of insurance for its premises at 461 Seventh Avenue, New York, New York ("Premises").  See Certification of Young Il Park ("Park Certification") at Paragraph 2 and Exhibit "A".

5.      The Debtor has opened DIP accounts as a debtor in possession.  One of its DIP accounts is designated as a rent account ("Rent Account").  Park Certification at Paragraph 3, Exhibit "B".  The rent for May, 2018, which was tendered to the Landlord prior to the Petition Date, was returned to the Debtor and deposited in the Rent Account.  The rent for June, 2018 was tendered to the Landlord, returned to the Debtor unnegotiated, and remains in the Rent Account.  The rent for July, 2018, was tendered to the Landlord.  Park Certification at Paragraph 3, Exhibit "C".  The total sum of $76,175.26 is currently in the Rent Account, representing funds sufficient to pay all rent in full.  Park Certification at Paragraph 3,  Exhibit "B".

6.      Per the Stipulation and Order Regarding Interim Use of Cash Collateral and

Adequate Protection, the Debtor was, as of the Petition Date, obligated to the Bank of Hope in an

amount of $231,578.30.  Schedule E/F of the Debtor's Chapter 11 petition reflects an amount due

to unsecured creditors of $144,874.00.


**B.   OVERVIEW OF THE DEBTOR'S BUSINESS**

7.      The Debtor operates a deli from the Premises.  It has been in business since June,

2011.

**C.   THE DEBTOR'S LEASE**

8.      The Debtor is a party to a lease of non-residential real property for the Premises

("Lease").  A copy of the Lease is annexed to the Declaration of Bradley S. Silverbush, Esq.

("Silverbush Certification") as Exhibit "A".  The monthly rental is currently $18,000.00 a month, plus

approximately $7,000.00 in taxes.  Park Certification at Paragraph 3, Exhibit "C".

9.      On May 18, 2018, special counsel for the Debtor commenced Adversary

Proceeding ("Proceeding") 18-08265.  The impossible factual scenario created by the Landlord,

by and for its own apparent self interest, i.e., the vacatur of the Premises by the Debtor, is set forth

at length therein and in the Debtor's opposition to the Landlord motion seeking to dismiss that

Proceeding and incorporated herein by reference.  Be that as it may, annexed to the Park

Certification as Exhibit "D" is the NYC Department of Buildings notice clearly stating that: "The

Borough Commissioner has issued a stop work order for application #123144465 due to owner

denial of authorization. . .  Stop all work immediately. . . ".  (Emphasis added).

10.     No warrant of eviction has issued.  See Silverbush Certification at Paragraph 20.

### ARGUMENT

**ASSUMPTION OF THE LEASE SHOULD BE GRANTED AND
RELIEF FROM THE STAY DENIED**

11.     Section 365(a) of the Bankruptcy Code provides, in relevant part, that a debtor in

possession,"subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).  It is well established that a debtor's decision to assume or reject an executory contract under Section 365(a) of the Bankruptcy Code is a matter within the "business judgment" of the debtor.  See Orion Pictures Corp. v. Showtime Networks, Inc., 4 F.3d 1095, 1099 (2d Cir. 1993);   In re The Great Atlantic & Pacific Tea Co., Inc., 544 B.R. 43, 48 (Bankr. S.D.N.Y. 2016).

12.     In the context of lease assumption, the "business judgment" test is a relatively relaxed standard; it merely requires showing that the assumption of the unexpired lease will benefit the debtor's estate.  See e.g., In re Klein Sleep Products, Inc., 78 F.3d 18, 25 (2d Cir. 1996); Westbury Real Estate Ventures, Inc. v. Bradlees, Inc., 194 B.R. 555, 558 n. 1 (Bankr. S.D.N.Y. 1996)("In reviewing a debtor's decision to assume or reject an executory contract, the court must examine the contract and circumstances and apply its best "business judgment" to determine if the assumption or rejection would be beneficial or burdensome to the estate.").

13.     When applying the "business judgment" standard, courts show great deference to the debtor's decision making.  See In re Riodizio, Inc., 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997)("[A] court will ordinarily defer to the business judgment of the debtor's management"); see also In re Crystalin, L.L.C., 293 B.R. 455, 464 (B.A.P. 8th Cir. 2003)(finding that the court need not "place itself in the position of the trustee or debtor-in-possession") (citations omitted); Summit Land Co. v. Allen, 13 B.R. 310, 315 (Bankr. D. Utah 1981)("[C]ourt approval under Section 365(a), if required, except in extraordinary situations, should be granted as a matter of course.").  "Although the business judgment is the proper standard for determining whether to permit assumption or rejection of an executory contract or unexpired lease, the court should focus on the business judgment of the trustee or debtor in possession, not on its own business judgment."  Collier on Bankruptcy, Sixteenth Edition, Volume 3, ¶365.03[2].

14.     To assume a lease, it must be "unexpired".  In that respect, "[S]tate law is clear that the issuance of a warrant of eviction terminates the landlord-tenant relationship."  In re Sweet N

-4-

Sour 7th Avenue Corp., 431 B.R. 63, 67 (Bankr. S.D.N.Y. 2010).  Specifically, Section 749(3) of the

New York Real Property Actions and Proceedings Law provides that: "The issuing of a warrant for

the removal of a tenant cancels the agreement under which the person removed held the premises,

and annuls the relation of landlord and tenant. . ."  In re Sweet N Sour 7th Avenue Corp., id.  See

also Condal Distributors, Inc. v. 2300 Xtra Wholesalers, Inc. (In re 2300 Xtra Wholesalers, Inc.) 445

B.R. 113, 118 (S.D.N.Y. 2011).  ("2300 Wholesalers") (Lease not terminated where no warrant of

eviction obtained).

15.     The District Court, adopting the holding of the Bankruptcy Court in 2300

Wholesalers, stated that "[i]t appears well established under New York law that an adverse

judgment or execution of a warrant is not sufficient to terminate a lease, and that only issuance of

a warrant 'effects the cancellation.'  Because no such warrant was issued. . . . the lease was not

terminated. . ." 2300 Wholesalers, id.

16.     As also stated in 2300 Wholesalers, the Bankruptcy Court separately denied a

motion for relief from the automatic stay pursuant to 11 U.S.C. Sections 362(d)(1) and (d)(2).

There, the lease was the debtor's sole asset and post petition rent had been paid.

17.     Without its Lease, this Debtor has no location from which to operate.  Critically, the

Lease is, as admitted by the Landlord in its Motion at paragraph 41,"the central issue in this

bankruptcy proceeding".

18.     Turning to the Sonnax factors[1]

(1)     relief would result in a complete resolution harming this estate and all other

creditors;

(2)     take from this Court the central issue in this bankruptcy case when the

Proceeding has already been filed;

(3)     the debtor is a fiduciary only in this bankruptcy case;

---

[1] Landlord relies on (1), (7), (10), (11) and (12) to support stay relief.  Motion at
paragraph 37.

(4)    not relied on by Landlord;

(5)    not relevant hereto;

(6)    not relevant hereto;

(7)    litigation in another forum would impact all creditors;

(8)    not relevant hereto;

(9)    not relevant hereto;

(10)    this Court can certainly resolve the issue as expeditiously as New York

Courts;

(11)    at the current time, there appears to be no trial date;

(12)    balance of the harms weighs heavily in favor of the Debtor; particularly, in light of the Landlord's interference and its absence of good faith dealings as evidenced by the New York City Department of Buildings stop work order (Exhibit "D" to the Park Certification) and the fact that there is a secured creditor, Bank of Hope and unsecured creditors who will benefit from this Chapter 11 Case and be gravely harmed if the Landlord terminates the Lease.

19.    The Second Circuit, in applying the Sonnax factors, and affirming the Bankruptcy Court's denial of relief from the automatic stay, has noted that "'[o]ne of the principal purposes of the automatic stay is to preserve the property of the debtor's estate for the benefit of all the creditors'". U.S. Bank Trust National Association v. AMR Corp. (In re AMR Corp.), 730 F. 3d 88, 111 (2d Cir. 2013), quoting In re Prudential Lines, Inc., 928 F. 2d 565, 573 (2d Cir. 1991). Preservation of this Debtor's property, the creditors and employees, is inexplicitly tied to the Lease. It is this Court which will, hopefully and respectfully, decide its fate.

20.    One of the final lines in the movie "The Greatest Showman" uttered by Hugh Jackman's P.T. Barnum, intended to elicit humor and play upon the audience's knowledge of present reality (dramatic irony), is that "everyone knows New York City real estate is a bad investment". This Landlord saw an opportunity and while it is entitled to benefit from its investment, it should not be allowed to do so to the detriment of the Debtor and this estate. The Lease will end,

by its term, in the not so distant future.  Relief from the stay should be denied.

## CONCLUSION

21.    The cross motion of the Debtor to assume the Lease should be granted and the

Motion for relief from the automatic stay denied.

Dated: Spring Valley, New York
      July 3, 2018

                                     Kurtzman Matera, P.C.
                                     Attorneys for Debtor

                                     /s/ Rosemarie E. Matera
                                     Rosemarie E. Matera, Esq.