UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                                                    Chapter 11

    461 7th Avenue Market, Inc.,                              Case no.  18-22671

                            Debtor.
------------------------------------------------------------x

## OBJECTION TO MOTION TO ASSUME LEASE

    Delshah 461 Seventh Avenue, LLC ("Landlord"), as and for its objection to the motion to assume lease filed by 461 7th Avenue Market, Inc. ("Debtor"), respectfully represents as follows:

    1.    The Landlord does not dispute that absent a warrant of eviction, a lease in New York State has not been extinguished under the Bankruptcy Code. But that does not mean that absent a warrant of eviction, a debtor in bankruptcy can assume a lease.

    2.    Indeed, in *In re 2300 Xtra Wholesalers, Inc.*, 445 B.R. 113 (S.D.N.Y. 2011), a case the Debtor cited on this point, the Civil Court case progressed to the point of a judgment of possession, but not a warrant of eviction. The bankruptcy court found that the debtor's lease was property of the estate since no warrant of eviction had issued, and the Debtor still had the right to avoid the judgment in the New York Courts. But the bankruptcy court nonetheless ruled that to assume the lease, the debtor must go back to State Court and vacate the judgment of possession.

    3.    In *In re Sweet N Sour 7th Ave. Corp.*, 431 B.R. 63, 68 (Bankr. S.D.N.Y. 2010), the other case the Debtor cited on this point, the Bankruptcy Court explained that just because a lease may be unexpired for some purposes under the Bankruptcy Code, it does not

mean ". . . that a bankruptcy court may reinstate the terminated leasehold." In *Sweet N Sour*, the Bankruptcy Court denied the landlord's lift stay motion, but nonetheless conditioned lease assumption on the Debtor going back to State Court and vacating the landlord's warrant of eviction.

4. Here, following the expiration of the Debtor's *Yellowstone* injunction enjoining Lease termination, the Debtor had until March 21, 2018 to avoid Lease termination. The *Yellowstone* injunction expired so the Lease terminated. Since the Debtor failed to turn over possession of the Premises to the Landlord on March 21, 2018, the Landlord commenced its holdover proceeding in Civil Court to obtain a warrant of eviction.

5. As set forth in the Landlord's motion, the rule is that in a holdover case, there is no right for a commercial tenant to cure a default, after the lease has been terminated by the landlord. *In re Seven Stars Restaurant, Inc.*, 122 B.R. 213, 217 (Bankr. S.D.N.Y. 1990); *In re Policy Realty Corp.*, 242 B.R. 121, 128 (S.D.N.Y. 1999); *Grand Liberte Co-op, Inc. v. Bilhaud*, 126 Misc.2d 961, 964 (N.Y. Sup. Ct., App. Term, 1st Dep't 1984); *see, e.g.*, *Great Location New York, Inc. v. Seventh Ave. FineFoods, Inc.*, 46 Misc.3d 150(A), *1 (N.Y. Sup. Ct., App. Term, 1st Dep't 2015).

6. Here, the Civil Court did not decide how the rule must be applied to this case based on the Debtor's defenses to the Landlord Lease termination allegations, because the Debtor filed its Chapter 11 petition the day before its Civil Court answer was due.

7. In summary, the case law cited by both the Debtor in its lease assumption motion, and by the Landlord in its stay relief motion uniformly concludes that the absence of a warrant of eviction does not entitle the Debtor to assume a lease or avoid stay relief. Rather,

where there is a pending action in which a landlord asserts that a lease terminated, that issue should be decided under New York law by the New York courts with specialized expertise in landlord tenant cases. The Landlord incorporates by reference its abstention motion in adversary proceeding 18-08625, its lift stay motion herein and supporting pleadings, where the issue is briefed at greater length.

8. The issue is not *whether* the State Court should rule on lease termination, but *when*. In the cases the Debtor cited, the courts denied the landlords' lift stay motions, but still required the debtors to go back to State Court for a determination of whether the leases terminated for lease assumption purposes. Here, the Debtor seeks to assume the Lease, so the issue of the Debtor's rights under New York law is ripe for determination by the New York courts based on the case law cited by both the Debtor and the Landlord in support of their respective motions.

9. This is particularly so since the Debtor is the plaintiff in the Supreme Court action and was happy to litigate in Judge Sherwood's part until suffering an adverse decision. Now the Debtor's strategy in this court is to make arguments rejected by Judge Sherwood while concealing Judge Sherwood's rulings. Under the New York statutory scheme, the Civil Court is the specialized forum for the Debtor to make such arguments.

10. In any event, for the reasons set forth in greater detail in the Landlord's abstention motion in adversary proceeding 18-08625, in its lift stay motion herein and in supporting pleadings, the Landlord contends that certain of the Debtor's Lease defaults are not curable, and the Debtor's failure to cure other defaults over the past 14 months suggests that he cannot cure those are capable of being cured.

11. But rather than engaging in lease assumption litigation in this Court, plus unnecessarily litigation of the Debtor's highly questionable RICO lawsuit, the Debtor should first go back to State Court for a threshold determination of whether the Lease was properly terminated pre-petition.

WHEREFORE, the Mortgagee respectfully requests that the Court deny the Debtor's Lease assumption motion pending a State Court decision on whether the Lease terminated pre-petition, and that the Court grant such other relief as may be just and proper.

Dated:    New York, New York
          July 12, 2018

                            **BACKENROTH FRANKEL & KRINSKY, LLP**
                            Attorneys for the Movant

                By:    s/Mark A. Frankel
                        800 Third Avenue
                        New York, New York 10022
                        (212) 593-1100